**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION**

JAMES MONROE, individually and on behalf
of all others similarly situated,

      Plaintiff,                           Case No. 3:18-cv-00132-RLY-MPB

         v.

ELMER BUCHTA TRUCKING LLC, *et al*.

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF A
FAIR LABOR STANDARDS ACT COLLECTIVE ACTION SETTLEMENT**

Plaintiff James Monroe ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, files this motion for Preliminary Approval of a Fair Labor Standards Act Collective Action Settlement without opposition from Defendants Elmer Buchta Trucking, LLC, Raymond Wright, L. Kirk Wright, and Wright Family Investment Group, Inc. (collectively, "Defendants") to respectfully request that the Court: (i) preliminarily approve the parties proposed collective settlement agreement, attached hereto as Exhibit A; and (ii) authorize dissemination of the amended collective action/settlement notice, attached to Exhibit A as Exhibit A, to the putative collective members.

On February 27, 2020, the Court granted Plaintiff's motion for conditional certification of a collective. *See* Dkt. No. 63. To date, however, the parties have not disseminated notice to the collective members as on September 9, 2020, the parties resolved this matter for $35,000 at a settlement conference before the Court. Thus, Plaintiff, without opposition from Defendants, now respectfully seeks preliminarily approval of the proposed collective settlement agreement and authorization to notify the putative collective members of this action/settlement.

## ARGUMENT

## I.    The Court Should Preliminarily Approve the Parties Collective Settlement.

This Circuit has held that a settlement of Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, claims requires judicial approval. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986). "A district court should approve an FLSA collective action settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a bona fide dispute between the parties." *Knox v. Jones Grp.*, 2017 U.S. Dist. LEXIS 146049, *3 (S.D. Ind. Aug. 31, 2017) (citing *Lynn's Food Stores v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (collecting cases). "'[A]pproval of settlements in collective actions under the FLSA generally involves less stringent standards than Rule 23 class settlements.'" *Hall v. High One Machs., Inc.*, 2016 U.S. Dist. LEXIS 131009, *11 (E.D.N.C. Sept. 26, 2016) (quoting *DeWitt v. Darlington Cnty.*, 2013 U.S. Dist. LEXIS 172624, *10-11 (D.S.C. Dec. 6, 2013)).

Here, the proposed settlement agreement was reached as a result of a settlement conference before the Court. It also resolves a contested litigation as Defendants deny that their weight hauled percentage pay policy and pay deductions policy caused minimum wage violations. Pursuant to the settlement agreement, Plaintiff is to receive $547.49 for his unpaid minimum wage claims and $4,452.51 as a service award. Additionally, the putative collective members (should they opt-in) are to collectively receive $3,452.51 for their unpaid minimum wage claims and Plaintiffs' counsel is to receive $26,000.00 for attorneys' fees and costs.

Accordingly, the proposed settlement agreement is fair and reasonable for the following reasons. First, after an extensive review of putative collective members' (including Plaintiff's) payroll records, their unpaid minimum wages amount to approximately $2,236.19. The proposed settlement agreement allocates $4,000.00 to the collective. Therefore, the putative collective

members, including Plaintiff, are receiving approximately 179% of their unpaid minimum wages.

Second, Plaintiff's service award is justified as it is well within the Seventh Circuit's permissible range and he was Defendants' sole employee to become a named representative in an action with relatively low damages. *See In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) ("Incentive awards are justified when necessary to induce individuals to become named representatives."); *In re Ready-Mixed Concrete Antitrust Litig.*, 2010 U.S. Dist. LEXIS 30776, *35-36 (S.D. Ind. Mar. 30) (surveying incentive awards granted within the Seventh Circuit ranging from $5,000.00 to $100,000.00 and awarding the named plaintiff a $10,000.00 incentive award).

Third, the amount allocated to Plaintiff's attorneys for fees and costs, $26,000.00, is reasonable. 29 U.S.C. § 216(b) proscribes that attorneys' fees are mandatory when an employee prevails in an FLSA action. Such was enacted, in part, to afforded employees, like Plaintiff, adequate representation when their potential recovery for unpaid wages are nominal. Indeed, the portion allocated to Plaintiff's counsel represents approximately 74% of the proposed settlement fund. However, Plaintiff's counsel has incurred over $50,000 in fees and $4,500 in expenses litigating this matter. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) ("Neither the text nor the purpose of the FLSA, however, supports imposing a proportionality limit on recoverable attorneys' fees. With respect to the statutory text, FLSA simply provides for a 'reasonable attorney's fee to be paid by the defendant. Nothing in this clause or the surrounding text supports the conclusion that a "reasonable attorney's fee" must be a 'proportional' fee."). Thus, Plaintiff's counsel is only recovering approximately 48% or their current total fees and expenses. Limiting Plaintiff's counsel to one third (33.33%) of the collectives' recovery would result in counsel only receiving approximately $1,333 (2% of incurred fees and expenses) deterring other plaintiff-attorneys from representing low wage earners with low monetary damages in FLSA

3

actions. Lastly, it is also important to note that after Plaintiff's attorneys' fees and costs, he and the putative collective members are still receiving well in excess of their unpaid minimum wages. Accordingly, the Court should find the parties' proposed settlement agreement to be fair and reasonable and preliminarily approve it.

## II.     The Court Should Approve the Parties Proposed Amended Notice.

Pursuant to the Court's February 27, 2020 Order granting conditional certification, the Court approved Plaintiff's proposed notice and notice dissemination via U.S. Mail and email. *See* Dkt. No. 63. After reaching an agreement in principle, the parties were required to amend the notice to include language regarding the proposed settlement agreement and to limit the notice period to sixty (60) days[1]. *See* Ex. A. The amended notice now apprises the putative collective members of this action and the proposed collective settlement affording them the opportunity to opt-in/collect their allocation of the proposed settlement fund. Moreover, the amended notice explains in clear terms (i) the nature of the settlement and the claims released; (ii) how to opt-in to this action and receive their portion of the settlement funds; and (iii) how and when to object to the settlement at the final approval hearing. Lastly, should any notice be returned undeliverable, Plaintiff's counsel will re-mail/email the notice to that putative collective member's new address (if discoverable) and his/her notice period shall reset to an additional thirty (30) days from the date of re-mailing unless the sixty (60) day deadline is greater. Accordingly, the Court should approve Plaintiff's amended notice, which shall be sent to the putative collective members not later than fourteen (14) days after the Court preliminarily approves the proposed collective settlement.

Dated: February 1, 2021                                    Respectfully submitted,

                                                          */s/ Alexander M. White*

---

[1] Formerly approved by the Court for ninety (90) days

Robert R. Barravecchio
(admitted *pro hac vice*)
James A. Vagnini
(admitted *pro hac vice*)
Alexander M. White
(admitted *pro hac vice*)
VALLI KANE & VAGNINI LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: 516-203-7180
Facsimile: 516-706-0248
jvagnini@vkvlawyers.com
rrb@vkvlawyers.com
awhite@vkvlawyers.com

Irwin B. Levin, No. 8786-49
Richard E. Shevitz, No. 12007-49
Vess A. Miller, No. 26495-53
Lynn A. Toops, No. 26386-49
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: 317-636-6481
Facsimile: 317-636-2593
ilevin@cohenandmalad.com
rshevitz@cohenandmalad.com
vmiller@cohenandmalad.com
ltoops@cohenandmalad.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021 a true and correct copy of the foregoing document and all supporting documents were served on all counsel of record via the Court's electronic filing system.

Date:   February 1, 2021

_/s/ Alexander M. White_
Alexander M. White