IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JAMES MONROE, individually and on behalf
of all others similarly situated,

    Plaintiff,                                              Case No. 3:18-cv-00132-RLY-MPB

    v.

ELMER BUCHTA TRUCKING LLC, *et al*.

    Defendants.

**ORDER PRELIMINARILY APPROVING COLLECTIVE ACTION SETTLEMENT, CERTIFYING THE SETTLEMENT COLELCTIVE, AND PROVIDING <u>NOTICE TO THE SETTLEMENT COLLECTIVE</u>**

The parties to the above-captioned action (the "Action") filed against Elmer Buchta Trucking, LLC ("EBT"), Raymond Wright, Kirk Wright, Leonard Mehringer, and Wright Family Investment Group, Inc. (collectively, "Defendants"), have agreed to settle the Action pursuant to the terms and conditions set forth in an executed Collective Action Settlement Agreement (the "Settlement"). The parties reached the Settlement through arms-length negotiations.

Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the proposed Settlement Collective would fully, finally, and forever resolve, discharge and release the claims under the Fair Labor Standards Act ("FLSA") in exchange for Defendants': (1) payment of certain amounts directly to the Settlement Collective Members as more particularly described on Exhibit A to the proposed Collective Action Settlement; (2) payment of an individual service award to Plaintiff in the amount Four Thousand and Four Hundred 51/100 Dollars ($4,452.51), subject to the approval of the Court; and (3) payment of Plaintiff's reasonable attorney's fees in the amount of Twenty-Six Thousand 00/100 Dollars

1

($26,000) being paid directly to Collective Counsel. Further, the Settlement requires the dismissal with prejudice of Plaintiff's claim under the Indiana Deceptive Consumer Sales Act in the Court's Final Approval Order.

The Settlement has been filed with the Court, and Plaintiff has filed an Unopposed Motion for Preliminary Approval of Collective and Motion. Upon considering Plaintiff's motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations, argument and recommendations of counsel, and the requirements of law, the Court finds that: (1) the Notice attached as Exhibit A to the proposed Collective Action Settlement shall be sent to the putative collective members as defined by the Court's February 27, 2020 Order (dkt. no. 63); (2) the Settlement is the result of informed, good faith, arms-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (3) the Settlement is within the range of reasonableness and should be preliminarily approved; (4) good cause exists to schedule and conduct a Final Approval hearing to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment, and (5) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

Based on the foregoing, **IT IS HEREBY ORDERED AND ADJUDGED** as follows:

Preliminary Approval of the Settlement:

1. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arms-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of

preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Collective, as set forth below and in the Settlement, and the Court should move forward with the Final Approval hearing on May 11, 2021 at 9:30 A.M. Central Standard Time to assist the Court in determining whether to grant Final Approval to the Settlement and enter final judgment.

Approval of Notice and Direction to Effectuate Notice:

2. The Court directs that Collective Counsel, defined above, shall provide the Notice to the Settlement Collective.

3. The Court approves the form and content of the Notice, substantially in the form attached as Exhibit A to the proposed Collective Action Settlement Agreement (the "Settlement"). The Notice program is reasonably calculated under the circumstances to apprise the Settlement Collective of the pendency of the Action, the terms of the Settlement, Collective Counsel's Fee and request for a service award for Plaintiff, and their rights not to opt-in to the Collective or object to the Settlement or Collective Counsel's Fee. The Notice and Notice program constitute sufficient notice to all persons entitled to notice.

4. No later than fourteen (14) days following entry of this Order, Collective Counsel shall both email and mail the Notice to the Collective by First Class United States mail to the addresses previously provided by Defendants. If a mailed Notice is returned with a forwarding address provided by the Postal Service, Collective Counsel will re-mail/email it to the address or addresses provided. If a mailed Notice is returned without a forwarding address provided by the Postal Service, or is otherwise designated by the Postal Service as bearing an invalid address, Collective Counsel shall use the Transunion database, or other equivalent database, to attempt to locate an updated address for the particular member of the Collective, and shall re-mail/email the

notice to the member of the Collective at the updated address. If a Collective Member's notice is returned undeliverable, the Opt-In deadline for that Collective member will reset to an additional thirty days (30) days from the date of the re-mailing, unless the general sixty (60) day Opt-In Deadline is greater than the sixty (60) days shall be controlling.

     5.     No Collective Member shall be included in the Settlement if their consent to join form in not returned and postmarked on or before the Opt-In Deadline as defined in the Settlement.

Final Approval Hearing, Opt-In, and Objections:

     6.     The Court directs that a **FINAL APPROVAL HEARING** shall be held on **MAY 11, 2021 at 9:30 A.M.** Central Standard Time, before Magistrate Judge Matthew P. Brookman, in courtroom 301, United States Courthouse, 101 NW Martin Luther King Jr. Boulevard, Evansville, Indiana 47708, to assist the Court in determining whether to grant Final Approval of the Settlement and enter final judgment.

     7.     The Court further directs that any person in the Settlement Collective may object to the Settlement. Objections to the Settlement must be mailed to the Clerk of the Court, Collective Counsel, and Defendants' Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than the Objection Deadline, which shall be forty (40) days after the Notice Date, as specified in the Notice and shall include: (a) a notice of the objector's intention to appear; (b) documentary proof that the objector is a member of the Settlement Collective; and (c) a statement of the basis for such objections.

Effect of Failure to Approve the Settlement:

     8.     In the event the Settlement is not approved by the Court or for any reason the Parties fail to obtain a final judgment as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

    (a)    All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

    (b)    Nothing contained in this Order is, or may be construed as, any admission or concession by or against Defendants or Plaintiff on any point of fact or law; and

    (c)    Defendants shall not be precluded from challenging collective certification in further proceedings in the Action or in any other action. No agreements made by or entered into by Defendants in connection with the Settlement may be used by Plaintiff in any litigated certification proceedings, whether in the Action or any other action.

    (d)    Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

<u>Stay/Bar of Other Proceedings:</u>

    9.    All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Collective, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Persons

any action or proceeding in any court, arbitration forum or tribunal asserting any of the Settled Claims.

Jointly Agreed to and Submitted By:

| | |
|---|---|
| Robert R. Barravecchio<br>Alexander White<br>Valli Kane & Vagnini LLP<br>600 Old Country Road, Suite 519<br>Garden City, NY 11530<br>*Counsel for Plaintiff and the Settlement Collective* | James D. Johnson<br>Spencer W. Tanner<br>JACKSON KELLY PLLC<br>221 NW Fifth Street<br>P.O. Box 1507<br>Evansville, IN 47706<br>*Counsel for Defendants* |

**IT IS SO ORDERED:**

Dated: February 3, 2021

*/s/ Matthew P. Brookman*
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distributed electronically to all ECF registered counsel of record.